IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRANDALL WELLS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-395-JPG |
| | ) |
| **ROGER E. WALKER, JR., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Crandall Wells, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Wells states that after he arrived at Lawrence Correctional Center, he took an aptitude test to determine his eligibility for vocational training. Unfortunately he did not score high enough on that test to qualify for vocational classes. He states Lawrence has a tutoring program for inmates who did not score high enough on that aptitude test. Wells sought to enroll in that program, but his request was denied because the tutoring program is available only to those ages 18-25.[1] He believes that such a policy is age discrimination, in violation of his rights under the Fourteenth Amendment.

Courts have consistently upheld regulations that use age as a factor to grant or deny access to government programs or benefits. *See, e.g., Gregory v. Ashcroft*, 501 U.S. 452 (1991) (age 70 mandatory retirement for state judges valid); *Vance v. Bradley*, 440 U.S. 93, 99 S. Ct. 939 (1979) (foreign service retirement at age 60 justified by legislative convenience); *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307 (1976) (per curiam) (age 50 uniformed police retirement); *Izquierdo Prieto v. Mercado Rosa*, 894 F.2d 467 (1st Cir. 1990) (rational for government-owned and operated radio and television to transfer employee from television to radio position due to considerations of age); *Hatten v. Rains*, 854 F.2d 687 (5th Cir. 1988) (judicial retirement at age 75); *Zielasko v. State of Ohio*, 873 F.2d 957 (6th Cir. 1989) (no judicial appointment or election after age 70 sustained); *Stiles v. Blunt*, 912 F.2d 260 (8th Cir. 1990) (age 24 for election to state legislature). *See also Arvia v. Madigan*, 209 Ill. 2d 520 (2004) (sustaining zero tolerance law providing for summary suspension of driving privileges of driver under age 21 who tests positive for alcohol or who refuses testing upon officers request).

Moreover, it is well settled that there is no property or liberty interest in attending

---

[1] According to I.D.O.C. records, Wells was born on May 11, 1969, so he is now 50 years old. *See* http://www.idoc.state.il.us/subsections/search/inms.asp (accessed December 8, 2009).

educational, vocational, or rehabilitative courses while in prison. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). It follows that if he has no protected interest in attending vocational courses, Wells certainly does not have a protected liberty interest in admission to a tutoring program to assist him in gaining entry to those vocational courses.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Wells is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: December 18, 2009.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**